| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| AMERICAN GNC CORP., | | Case No. 18-cv-00968-BAS-BLM |
| | Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO SERVE SUMMONS AND COMPLAINT BY ALTERNATIVE SERVICE** |
| v. | | |
| GOPRO, INC., ROBERT BOSCH GMBH, AND BOSCH SENSORTEC GMBH, | | |
| | Defendants. | **[ECF No. 6]** |

Pending before the Court is motion filed by Plaintiff American GNC Corp. for leave to serve the Summons and Complaint on Defendants Robert Bosch GmbH and Bosch Sensortec Gmbh pursuant to Rule 4(f)(1) as "alternative service." (ECF No. 6.) Both of these Defendants are German companies with their principal places of business in Germany. (*Id.*) Plaintiff provides the German addresses of both Defendants and contends that each can be served at its respective address. (*Id.*) For the reasons herein, the Court grants in part and denies in part Plaintiff's motion.

## DISCUSSION

Rule 4(h)(2) provides that a corporation may be served at a place not within a judicial district of the United States in any manner prescribed by Rule 4(f), except personal delivery under Rule 4(f)(2)(C)(i). FED. R. CIV. P. 4(h)(2). Rule 4(f)(1) in

turn provides that "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1).  Absent from Rule 4(f)(1) is any requirement that such service must be authorized by court order.  In contrast, Rule 4(f) provides other means of service, which expressly require a court order.  *See* Fed. R. Civ. P. 4(f)(3); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (noting that "[a]s obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court . . .").

      Here, it is unclear why Plaintiff is requesting leave to serve the Defendants located in Germany under the Hague Convention or referring to such service as "alternative service."  The United States and Germany are parties to the Hague Convention and thus Plaintiff may serve Defendants pursuant to the Hague Convention with no court order.  The Federal Rules of Civil Procedure treat such service as a primary means of serving a defendant located in a country which, like Germany, is a signatory to the Hague Convention.  *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 468 U.S. 694, 706 (1988) (holding that the Hague Convention is "the exclusive means of valid service" for entities in countries that are signatories to the Hague Convention); *Delta Constructors, Inc. v. Roediger Vacuum, GmbH*, 259 F.R.D. 245, 247 (S.D. Miss. 2009) ("As Germany is a signatory to the Hague Convention, any service on [the German defendant] in Germany must comply with the Hague Convention.").  Moreover, the primary means by which service is accomplished under the Convention is through a receiving country's "Central Authority," which the Convention requires each signatory nation to establish to act as an agent to receive a request for service, arrange for service of documents, and return proofs of service.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Delta Constructors, Inc.*, 259 F.R.D. at 247.  Thus, Plaintiff may serve the Defendants

1  under Rule 4(f)(1) by proceeding through Germany's Central Authority.

2      A closer review of Plaintiff's request, however, suggests that Plaintiff may be requesting service under the Hague Convention to which Germany has not agreed. Although Germany is a signatory to the Hague Convention, it has filed an objection under Article 10 of the Hague Convention, thereby prohibiting service by mail or through judicial agents on a German party. *See Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI, 2018 WL 306682, at *2 (N.D. Cal. Jan. 5, 2018) (noting Germany's objection and stating that "to serve a German defendant under the Hague Convention, service should proceed through Germany's Central Authority"); *Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *1 (N.D. Cal. May 13, 2008); *see also In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 437 (S.D.N.Y. 2009). Here, Plaintiff's disclosure of the Defendants' German addresses, statement that "[o]n information and belief" each Defendants can be served at its respective address, and designation of the request as one for "alternative service," suggests to the Court that Plaintiff may be requesting to serve these Defendants directly by mail or some other means to which Germany has not consented. The Court denies Plaintiff's request insofar as Plaintiff sought to undertake such method of service. Plaintiff may not circumvent the limitations of service in Germany under the Convention.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's request to the extent Plaintiff seeks to serve Defendants directly at their German addresses or some other method to which Germany has not consented under Hague Convention. The Court **GRANTS** Plaintiff's request only as to effectuating service under the Hague Convention by proceeding through Germany's Central Authority. The Court advises Plaintiff that service in a foreign country is not subject to the general 120-day limit for effectuating service. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

**DATED: June 4, 2018**

Hon. Cynthia Bashant
United States District Judge